THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:05CV00499 DS |
| Plaintiff, | ) | |
| and | | |
| UTAH DAIRYMEN'S ASSOCIATION ET AL., | ) | |
| Intervenor-Plaintiffs, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER ADDRESSING COUNTRY CLASSIC'S MOTION FOR CHANGE OF VENUE |
| COUNTRY CLASSIC DAIRIES, INC., | | |
| | ) | |
| Defendant. | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### I. INTRODUCTION

This action is brought under the provisions of the Agricultural Marketing Agreement Act of 1937 and the Federal Milk Marketing Order Regulating Milk in the Western Marketing Area[1], whereby it is alleged by the United States, the Utah Dairymen's Association and others, that when Country Classic sold and delivered packaged milk in the greater Salt Lake City area in 2002, it was required, but failed, to make monthly payments to the Federal Milk Market Administrator for the Western Marketing

---

[1] The Western Marketing Order was terminated on April 1, 2004. See 69 Fed. Reg. 8327 (February 24, 2004). However, the obligations which arose thereunder continue enforceable. 7 C.F.R. § 1000.26 (c).

Order for the producer-settlement fund. Country Classic, a Montana cooperative association, contends that it has already paid into the Montana producer-settlement fund administered by the Montana Milk Control Bureau and that requiring it to account to the federal pool would result in it paying twice for the same milk.

## II. DISCUSSION

Claiming that the existing venue is inconvenient to both the parties and the witnesses, Country Classic again requests that this case be transferred to the United States District Court for the District of Montana pursuant 28 U.S.C. § 1404(a). The Court previously considered and denied a similar motion. Country Classic now asserts that having filed a third-party complaint against various Montana state agencies and officials since the Court's prior ruling, the facts have changed making transfer more appropriate.

Concurrent with this opinion, the Court has filed an opinion and order granting the Third-Party Defendants' Motion to Dismiss. Therefore, the facts relied upon by Country Classic are irrelevant to the Court's venue analysis.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In evaluating a motion to transfer, the court considers the following.

> "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed.2d 22 (1988)(quoting *Van Dusen*, 376 U.S. at 622, 84 S. Ct. at 812).
>
>> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.
>
> *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

*Chrysler Credit Corp. v. Country Chrysler Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). As master of the complaint, deference is given to plaintiff's forum selection. *Frontier Federal Sav. & Loan Ass'n v. National Hotel Corp.*, 675 F. Supp. 1293, 1301 (D. Utah 1987). "The defendants' burden is heavy, and unless the circumstances of the case weigh heavily in favor of the transfer, the plaintiff's choice should not be disturbed." Id.

The relevant essence of Country Classic's position is that

this case has few ties to Utah, that its witnesses and evidence are located in Montana, and that, absent transfer, it will be forced to file a separate action in Montana where it claims that personal jurisdiction is not an issue.

The record reflects that Country Classic voluntarily undertook to ship milk to Utah. Moreover, it cannot seriously be contended that neither the Plaintiff nor the Intervenor - Plaintiffs have no significant ties to this District. Other than identifying a few of its potential witnesses by name, and broadly stating that all evidence in this case must be brought to Salt Lake City, Country Classic fails to elaborate on the expected testimony of its witnesses, or to explain why it would be burdensome to bring its evidence before this court. *See Segil v. Gloria Marshall Management Co., Inc.*, 568 F. Supp. 915, 919 (D. Utah 1983)(when relying on convenience of witnesses or location of records, movant must name witnesses and location of records, discuss relevance and importance, and explain reasons for hardship or difficulty); *see also Scheidt v. Klein,* 956 F.2d 963, 966 (10th Cir. 1992). Finally, the Court agrees with both Plaintiff and Intervenor-Plaintiffs, that whatever claim Country Classic may have against the Montana agencies and officials, it has nothing to do with its obligation fo the federal producer-settlement fund, which is the subject of the present litigation. Therefore, even if Country Classic is forced to pursue any claim

it has in Montana, that fact does not favor transfer of venue.

In short, after carefully considering the written memoranda of the parties and the applicable law, the court concludes that Country Classic has failed in its burden of establishing that the circumstances of this case weigh in favor of transfer. Given the present posture of the case and the prospect that this matter may be disposed of summarily, the Court's view is that the relevant factors to be considered dictate that this case be retained in the District of Utah.

### III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Country Classic's Motion for Change of Venue is DENIED.

DATED this __8th__ day of __August__, 2006.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT