THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
U.S. DISTRICT COURT

2006 AUG -8  P 2: 22

DISTRICT OF UTAH

BY:
DEPUTY CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

UNITED STATES OF AMERICA,      )      Case No. 2:05CV00499 DS

        Plaintiff,

                    )

and

UTAH DAIRYMEN'S ASSOCIATION    )
ET AL.,

    Intervenor-Plaintiffs,      )

                                 MEMORANDUM OPINION
      vs.             )          AND ORDER ADDRESSING
                                 THIRD-PARTY DEFENDANTS
                                 MOTION TO DISMISS

COUNTRY CLASSIC DAIRIES, INC. ,   )

      Defendant.

—————————————————————    )

COUNTRY CLASSIC DAIRIES, INC.,    )

    Third-Party Plaintiff,

      vs.             )

MONTANA DEPARTMENT OF LIVESTOCK
ET AL.,                 )

    Third-Party Defendants.
                       )
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


## I.   INTRODUCTION

The Third-Party Defendants' (collectively the "Montana Defendants") pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6), have moved to Dismiss the Amended Third-Party Complaint filed

against them by Country Classic Dairies, Inc. ("Country Classic")
for lack of personal jurisdiction, improper venue, and for failure
to state a claim.  Since the filing of the Montana Defendants'
Motion to Dismiss the Amended Third-Party Complaint, Country
Classic has sought leave of court to file a Second Amended Third-
Party Complaint.  The Montana Defendants having no objection, leave
of court to file the Second Amended Third-Party Complaint is
granted concurrently with this opinion.  The Montana Defendants'
Motion to Dismiss, therefore, will be construed as directed at the
Second Amended Third-Party Complaint.  Because the Court concludes
that it lacks personal jurisdiction over the Montana Defendants,
the Motion to Dismiss the Second Amended Third-Party Complaint is
granted.

Briefly put, the relevant facts are as follows.  The primary
action before the Court is brought under the provisions of the
Agricultural Marketing Agreement Act of 1937 and the Federal Milk
Marketing Order Regulating Milk in the Western Marketing Area[1],
whereby it is alleged by the United States, Utah Dairymen's
Association and others, that when Country Classic sold and
delivered packaged milk in the greater Salt Lake City area in 2002,

---

[1]The Western Marketing Order was terminated on April 1, 2004.
*See* 69 Fed. Reg. 8327 (February 24, 2004).   However, the
obligations which arose thereunder continue enforceable. 7 C.F.R.
§ 1000.26 (c).

it was required, but failed, to make monthly payments to the
Federal Milk Market Administrator for the Western Marketing Order
for the producer-settlement fund.   Country Classic, a Montana
cooperative association, contends that it has already paid into the
Montana producer-settlement fund administered by the Montana Milk
Control Bureau and that requiring it to account to the federal pool
would result in it paying twice for the same milk.

In its Second Amended Third-Party Complaint against the
Montana Defendants, Country Classic seeks:( Claim 1) declaratory
judgment that if it is found liable in the primary case, the
Montana Defendants' failure to remit overpayments constitutes a
violation of Montana state law; (Claims 2 & 3) declaratory judgment
and compensatory damages for deprivation of its rights, privileges
or immunities secured by the Constitution in violation of 42 U.S.C.
§ 1983;  (Claim 4) assumpsit; and (Claim 5) imposition of a
constructive trust on money Country Classic allegedly overpaid the
Montana Defendants.

## II.  DISCUSSION

### A.  Personal Jurisdiction.

In support of their Motion to Dismiss, the Montana Defendants
first urge that Country Classic has failed to make a prima facie

3

showing that the Court has personal jurisdiction over them.  The
Court agrees.

Based on the pleadings the Court has subject matter
jurisdiction over this case by virtue of the Court's federal
question jurisdiction. *See* 28 U.S.C. § 1331 (granting original
jurisdiction over all civil actions arising under the laws of the
United States).

However, "[b]efore a federal court can assert personal
jurisdiction over a defendant in a federal question case, the court
must determine (1) 'whether the applicable statute potentially
confers jurisdiction' by authorizing service of process on the
defendant and (2) 'whether the exercise of jurisdiction comports
with due process'". *Peay v. BellSouth Med. Assistance Plan*, 205
F.3d 1206, 1209 (10th Cir. 2000)(quoting *Republic of Panama v. BCCI
Holdings (Luxembourg) S.A.*, 119 F.3d 935, 952 (11th Cir. 1997); and
citing *Omni Capital Int'l Ltd. V. Rudolf Wolff & Co., Ltd.* 484 U.S.
97, 104 (1987)(finding, in a federal question case, that before a
federal court may exercise personal jurisdiction over a defendant,
there must be a "basis for the defendant's amenability to service
of summons")).  The only specific statutory claim mentioned in the
Second Amended Third-Party Complaint is 42 U.S.C. § 1983.  There is
no nationwide service provided for civil rights claims pursuant to

4

§ 1983.  *McChan v. Perry*, No. 00-2053, 2000 WL 1234844, at *1 (10th Cir. Aug. 31, 2000).  Although Country Classic makes passing reference to antitrust and commerce clause violations, it fails to show or allege any federal statutory basis authorizing nationwide personal jurisdiction in this case.

Because Country Classic has failed to show that nationwide service of process is authorized by statute in this case, the Montana Defendants must be amenable to service under Utah's long arm statue.  *Omni Capital*, 484 U.S. at 108.  Under Utah law, the long-arm statute permits personal jurisdiction over a party to the fullest extent allowed by the due process clause of the Fourteen Amendment to the Constitution of the United States.  Utah Code Ann. § 78-27-22.  Therefore, the Court proceeds directly to the due process issue.[2]  The Due Process Clause permits the "exercise of personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum

_____

[2]"[I]n a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant". . *Peay v. Bellsouth*, 205 F. 3d 1206, 1212 (10th Cir. 2000).  However, "[t]he Due Process Clauses of the Fourteenth and Fifth Amendments are virtually identical".  *Id.  Compare Pike v. Clinton Fishpacking, Inc.*, 143 F. Supp. 2d 162, 166-167 (D. Mass. 2001)("notwithstanding that this is a federal question case, the Fourteenth Amendment 'minimum contacts' analysis acts indirectly on the exercise of jurisdiction in this case because the Massachusetts law is subject to Fourteenth Amendment limitations").

state.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291

(1980).  The minimum contacts test may be satisfied in two ways.

> First, a court may consistent with due process, assert
> *specific* jurisdiction over a nonresident defendant "if
> the defendant has 'purposefully directed' his activities
> at residents of the forum, and the litigation results
> from alleged injuries that 'arise out of or relate to'
> those activities." *Burger King*, 471 U.S. at 472,105 S.
> Ct. 2174(internal quotations omitted).  Where a court's
> exercise of jurisdiction does not directly arise from a
> defendant's forum-related activities, the court may
> nonetheless maintain *general* personal jurisdiction over
> the defendant based on the defendant's general business
> contacts with the forum state.  *Helicopteros Nacionales
> de Colombia v. Hall*, 466 U.S. 408, 415 ... (1984).
> However, "[b]ecause general jurisdiction is not related
> to the events giving rise to the suit, courts impose a
> more stringent minimum contacts test, requiring the
> plaintiff to demonstrate the defendant's 'continuous and
> systematic general business contacts.'"  *Metropolitan
> Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567
> (2d Cir. 1996)(quoting *Helicopteros*, 466 U.S. at 416
> ...).

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086,

1090-1091 (10th Cir. 1998).

    It is undisputed that the Montana Defendants have had no

contacts with Utah sufficient for the Court to exercise either

general or specific personal jurisdiction.  However, Country

Classic urges that 28 U.S.C. § 1367[3] "'confers supplemental jurisdiction with respect to both subject matter and personal jurisdiction where the "same case or controversy" requirement is satisfied.'" Mem. Opp'n p.2 (quoting *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003).

Country Classic's reliance on *Silent Drive, id.,* in this case is misplaced. "Supplemental jurisdiction, by whatever name, is a doctrine of subject matter jurisdiction. It permits federal courts to entertain claims that individually do not satisfy an independent basis of federal subject matter jurisdiction, such as diversity of *citizenship or federal question jurisdiction.*" 13B *Charles Alan Wright & Arthur A. Miller, Federal Practice & Procedure* § 3567. Therefore, even assuming arguendo that the Court had supplemental jurisdiction over the third-party claims, the Court must still have personal jurisdiction over the Montana Defendants in order to adjudicate the claims against them.

---

[3]"Except as provided ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

The Tenth Circuit, like several other circuits, has recognized the unrelated doctrine of pendent personal jurisdiction. "As a matter of common law, several courts have recognized a doctrine of 'pendent personal jurisdiction,' which is wholly unrelated to § 1367. Pendent personal jurisdiction permits a court to entertain a claim against a defendant over whom it lacks personal jurisdiction, but only if that claim arises from a common nucleus of operative fact with a claim in the same suit for which the court does have personal jurisdiction over that defendant." Id. (citing among other cases, *United States v. Botefuhr*, 309 F.3d 1263, 1272-1275 (10th Cir 2002)). *Botefuhr* instructs:

> Pendent personal jurisdiction, like its better known cousin, supplemental subject matter jurisdiction, exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim. ... In essence, once a district court has personal jurisdiction over a defendant for one claim, it may 'piggyback' onto that claim other claims over which it lacks independent personal jurisdiction, provided that all the claims arise from the same facts as the claim over which it has proper personal jurisdiction.

*Botefuhr*, 309 F. 3d at 1272 (citations omitted). Inasmuch as the Court does not possess personal jurisdiction over any of Country Classic's claims, the doctrine of pendent personal jurisdiction is inapplicable.

In sum, because there is no basis for the Court to exercise personal jurisdiction over the Montana Defendants, their Motion to Dismiss the Second Amended Third-Party Complaint for lack of personal jurisdiction is granted.[4]  The Court need not, and does not, address the other issues raised by the Montana Defendants in support of the Motion to Dismiss.


IT IS SO ORDERED.


DATED this __8th__ day of __August__, 2006.

BY THE COURT:


DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4]Country Classic suggest that if the Court finds that it has no jurisdiction over the Montana Defendants, then the Court must transfer the case to the District of Montana pursuant to 28 U.S.C. § 1631.  Under § 1631, a court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought...".  The Court finds that Country Classic has failed to show that it is in the interest of justice to transfer this case to the District of Montana.  See concurrently filed Memorandum Decision and Order Denying Motion for Change of Venue as well as pleadings in opposition to that Motion.