```
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

                         CENTRAL DIVISION
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:05CV00499 DS |
| Plaintiff, | ) | |
| and | | |
| UTAH DAIRYMEN'S ASSOCIATION ET AL., | ) | |
| Intervenor-Plaintiffs, | ) | |
| | | MEMORANDUM OPINION |
| vs. | ) | AND ORDER ADDRESSING CROSS MOTIONS FOR |
| COUNTRY CLASSIC DAIRIES, INC., d/b/a/ Darigold Farms of Montana. | ) | SUMMARY JUDGEMENT |
| | ) | |
| Defendant. | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.   INTRODUCTION

Pending before the Court are cross-motions for summary judgement. Both Plaintiff and the Intervenor-Plaintiffs (collectively "Plaintiffs") in separate motions urge that the undisputed material facts entitle them to the Court's judgment. Defendant Country Classic Dairies, Inc. ("Country Classic"), seeks summary judgment on the ground that this action is barred by the statute of limitations, or in the alternative, that Plaintiffs' claims should be dismissed or reduced due to the failure to comply with the Small Business Regulatory Enforcement Fairness Act of 1996, P.L. 104-121 (March 29, 1996), to fully

1

inform Country Classic about the regulations before the claims accrued.

The full facts surrounding this matter are set forth in the pleadings and need not be repeated here. Suffice it to state that this is an enforcement action brought under the Agricultural Marketing Agreement Act, specifically 7 U.S.C. § 608a(6), and the Federal Milk Marketing Order Regulating Milk in the Western Marketing Area[1], whereby it is alleged by Plaintiffs that when Country Classic sold and delivered packaged milk in the greater Salt Lake City area in 2002, it was required, but failed, to make monthly payments to the Federal Milk Market Administrator for the Western Marketing Order for the producer-settlement fund.

## II.   SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact

---

[1] The Agricultural Marketing Agreement Act authorizes the Secretary of Agriculture to promulgate federal milk marketing orders, 7 U.S.C. § 608c(1),(2) and (4), requiring handlers (milk processing plants) to pay specified minimum prices to dairy farmers (known as producers) and to remit certain minimum payments to the producers or the federal milk market administrator in furtherance of the regulatory program. Id. §§ 608c(5) and (7) and 610.

The Western Marketing Order (7 C.F.R. 1135 et seq.) was terminated on April 1, 2004. See 69 Fed. Reg. 8327 (February 24, 2004). However, the obligations which arose thereunder continue enforceable. 7 C.F.R. § 1000.26 (c).

and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[2]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id*.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202.

---

[2]Whether a fact is material is determined by looking to relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

3

### III. DISCUSSION

**A.   Country Classic's Motion for Summary Judgement**

**1. Statute of Limitations - Failure to Exhaust Administrative Remedies.**

The primary basis for Country Classic's motion is that the Complaint filed by the United States was filed after the applicable statute of limitations expired and, therefore, should be dismissed.

The Court does not reach the merits of Country Classic's position because the Court agrees with Plaintiffs that, having failed to exhaust its administrative remedies as required by statute, Country Classic is barred from raising its statute of limitations defense.  As Plaintiffs correctly note, a handler may not wait to raise its defenses for the first time in a 7 U.S.C. § 608(a)6 enforcement procedure, but instead must first exhaust its administrative remedies.

The controlling case is *United States v. Ruzicka*, 329 U.S. 287, 294 (1946).  In that landmark case the Court held that because the milk handlers had not availed themselves of the administrative review process provided by 7 U.S.C. § 608c(15)(A), they could not justify their failure to comply with an order of the Secretary of Agriculture on grounds of improper testing and

inspection in a 7 U.S.C. § 608(a)6 enforcement action.

Specifically, the Court stated:

> The procedure devised by Congress explicitly gave to an aggrieved handler an appropriate opportunity for the correction of errors or abuses by the agency charged with the intricate business of milk control.  In addition, if the Secretary fails to make amends called for by law the handler may challenge the legality of the Secretary's ruling in court.  Handlers are thus assured opportunity to establish claims of grievances while steps for the industry as a whole may go forward.
> ...
> Congress has provided a special procedure for ascertaining whether such an order is or is not in accordance with law.  The questions are not, or may not be, abstract questions of law.  Even when they are formulated in constitutional terms, they are questions of law arising out of, or entwined with factors that call for understanding of the milk industry.  And so Congress has provided that the remedy in the first instance must be sought from the Secretary of Agriculture.  It is on the basis of his ruling, and of the elucidation which he would presumably give to his ruling, that resort may be had to the courts.

*Id.*, 329 U.S. at 292-294.  *See also Lion Raisins, Inc., v. United States*, 416 F.3d 1356, 1371 (Fed. Cir. 2005)(exclusive remedy of handler alleging a claim against an agency for a violation of the Takings Clause was administrative and judicial review mechanism of the Agriculture Marketing Agreement Act*); United States v. Lamars Dairy, Inc.*, 500 F.2d 84, 85 (7th Cir. 1974)(only forum open to defendants to adjudicate their affirmative defenses to enforce milk order was a 608c(15) administrative hearing before the Secretary of Agriculture);  *United State. v. Daylight Dairy Products, Inc.*, 822 F.2d 1 (1st Cir. 1987)("[a] long line of

legal authority, beginning with *United States v. Ruzicka* ... makes clear that [608c(15)(A)] administrative procedure is exclusive in the sense that a district court, when enforcing a marketing order, cannot consider legal challenges to the order until after the handler has pursued his administrative remedy"); *United States v. United Dairy Farmers Cooperative Ass'n*, 611 F.2d 488, 491 (3rd Cir. 1979)("[t]he cases are clear ... that a handler must exhaust its administrative remedies before challenging the Secretary's Order, even if the challenge is only by way of defense to the Secretary's enforcement action in federal court); and, *Alabama Dairy Products Ass'n, Inc. v. Yeutter*, 980 F.2d 1421, 1423 (11th Cir. 1993)(district court had no subject matter jurisdiction over handlers' claim when they did not exhaust remedies under 7 U.S.C. §608c(15)(A)). [3]

**2.  Alleged Non-compliance with the Small Business Regulatory Fairness Act of 1996 - Failure to Exhaust Administrative Remedies**

As an alternative position, Country Classic asserts that Plaintiffs' claims should be dismissed or limited in equity for failure to comply with regulations governing small businesses. Its argument is that under the Contract with America Act (Pub. L.

---

[3] Country Classic's argument to the contrary is rejected, as is its reliance on *United States v. Tapor-Ideal Dairy Co.*, 175 F. Supp 678 (N.D. Ohio, 1959), *aff'd*, 283 F.2d 869 (6th Cir. 1960). *See* Intervenor-Plaintiffs' Reply pp. 7-8.

No. 104-121, 110 Stat. 857 (1996), also known as the Small Business Regulatory Enforcement Fairness Act ("SBREFA"), the United States Department of Agriculture was required, but failed, to publish formal "small entity compliance guides", SBREFA § 212, and to informally respond to questions of a small entity with information and advice about the application of the regulations to specific set of facts, SBREFA § 213.  Country Classic further contends that "in any civil ... action against" a small entity for violation of regulatory requirements, "the content of the small entity compliance guide," as well as "guidance given by an agency applying the law to facts provided by the small entity," may be considered by the court "as evidence of the reasonableness or appropriateness of any proposed fines, penalties or damages." *Id.*

The Court ,likewise, does not reach the merits of Country Classic's position here.  As noted above, because it failed to exhaust its administrative remedies, Country Classic is barred from raising the defense in this proceeding.[4]

---

[4] Even if Country Classic were not barred from raising its defense for failure to exhaust administrative remedies, the Court agrees with Plaintiffs' that the payments sought here are not "fines, penalties, or damages", SBREFA § 213, and therefore, SBREFA does not apply.

### B. Plaintiffs' Motions for Summary Judgement

The Court agrees with Plaintiffs that the material facts are not in dispute. The Western Marketing Order regulated distributing plants, defined in 7 C.F.R. §§1135.5 and 1000.5, when distributions from such plants came into the geographic area of the Western Marketing Order as defined.[5] Country Classic was a distributing plant as defined. Distributing plants became subject to full regulation and pooling obligations under the Western Marketing Order when such plants met the pool plant definitions of 7 C.F.R. §1135.7, which describe a touchstone threshold for such full regulation of hitting or exceeding the 25% distribution level to outlets in the marketing area of the Western Marketing Order.

For each month from September of 2002 through December of 2002, Country Classic sold more than 25 percent of the packaged fluid milk from its Bozeman plant in the greater Salt Lake City area, thus resulting in regulation under the Western Marketing Order.[6] Therefore, Country Classic's Bozeman plant was deemed a fully-regulated pool plant under the Western Marketing Order for

---

[5] The Western Marketing Order covered Utah and portions of Idaho, Oregon, Nevada, and Wyoming. 7 C.F.R. § 1135.2 (2002).

[6] The breakdown of such sales in the Western Order marketing area was 25.20% in September, 2002; 25.19% in October, 2002; 25.58% in November, 2002; and 26.41% in December, 2002.

those four months.

The Milk Market Administrator for the Western Marketing Order, James R. Daugherty, determined that Country Classic owed the Western Marketing Order Producer Settlement Fund the following principal amounts: $140,946.00 for September, 2002; $105,239.31 for October, 2002; $147,887.68 for November, 2002; and $165,697.54 for December, 2002, totaling $559,770.53 plus administrative and late fees.  Country Classic has refused or otherwise failed to pay the amounts due.

Because the material facts are not in dispute and because Country Classic has no defenses which the court may consider, Plaintiffs are entitled to summary judgment.[7]

## IV.  CONCLUSION

For the foregoing reasons, as well as generally for the

---

[7] Country Classic's objection to portions of the declarations supporting Plaintiffs' Motions for Summary Judgment are rejected. Any potential problems with the Codd and Daugherty Declarations are cured by the filing of supplemental declarations of those two declarants. The Court agrees with Plaintiffs that the identified paragraphs of the Conover Declaration are not legal conclusions, but descriptions of how the United States Department of Agriculture determine the amount owed by Country Classic to the producer settlement fund and for administrative fees, and a description of Country Classic's administrative action. Finally, Country Classic fails to proffer any evidence that contradicts the sworn statements of by Gibbons and Wright.

reasons outlined by Plaintiffs in their pleadings,

    IT IS HEREBY ORDERED that Country Classic's Motion for Summary Judgement (Doc. #111) is DENIED, and the Motions for Summary Judgment of Plaintiff United States of America (Doc. #96) and of the Intervenor-Plaintiffs Utah Dairymen's Association and others (Doc. #100) are GRANTED.

    DATED this 28th day of February , 2007.

                                        BY THE COURT:

                                        *[signature: David Sam]*

                                        DAVID SAM
                                        SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT